UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **STEVEN KEITH JONES,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) **Case No. 5:24-cv-246-RDP-GMB** |
| **ALABAMA DEPARTMENT OF CORRECTIONS, *et al.*,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

The Magistrate Judge entered a Report and Recommendation on November 3, 2025, recommending that the court treat Defendants' special report as a motion for summary judgment and also that the court grant the motion. (Doc. 29). Plaintiff Steven Keith Jones filed objections to the Report and Recommendation on November 17, 2025.[1] (Doc. 30). Plaintiff's objections fail for multiple reasons.

In his objections, Plaintiff argues that treating the special report as a motion for summary judgment is "premature . . . [because he] needs additional discovery . . . to present facts showing that he is entitled to relief." (Doc. 30 at 1). He claims that he presented his factual allegations "during the 'special report' phase of the litigation, where the plaintiff does not have any right to discovery or opportunity to request discovery." (Doc. 30 at 2). Plaintiff's argument is off the mark for the following reasons.

---

[1] The court advised the parties of their right to file specific written objections within fourteen days. (Doc. 29 at 16). Plaintiff indicated that he placed his objections in prison authorities' hands on November 17, 2025, the last day for objections. (Doc. 30 at 6). By operation of the "prison mailbox rule," a *pro se* prisoner's submission is deemed filed on the date it is delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988).

First, as noted by the Magistrate Judge in the order for special report, Plaintiff asserted two claims for relief in his complaint against Officer Chevelle Hunte: (1) failure to protect and (2) a wrongful disciplinary action resulting from a lack of security. (Doc. 1 at 3-4; Doc. 1-1 at 3-5; Doc. 15 at 3). The Magistrate Judge also summarized the factual allegations supporting each claim. (Doc. 15 at 3). The order for special report specifically ordered Plaintiff to respond within 21 days if there was "any error in the court's understanding of the claims" and if so to "explain the true nature of the claims the plaintiff intended to assert in the complaint." (Doc. 15 at 3). Plaintiff did not do so, nor did he seek leave to amend his complaint to assert any additional factual allegations. Defendants thereafter filed their special report (Doc. 24), and thereafter, the court construed the special report as a motion for summary judgment and ordered Plaintiff to respond. (Doc. 25).

When Plaintiff finally submitted his reply out of time,[2] he claimed for the first time that Defendant Hunte was aware of violence, dangerous conditions, overcrowding, and understaffing at Limestone Correctional Facility, and that she failed to have adequate policies, procedures, and practices in place to supervise and monitor housing units and common areas to keep prisoners safe. (Doc. 29 at 6, 12-13; Doc. 30 at 2). Plaintiff's argument, therefore, that he presented his factual allegations "during the 'special report' phase of the litigation," is inaccurate. (Doc. 30 at 2).

Second, the order for special report gave Plaintiff an opportunity to request discovery by filing a motion for leave of court to conduct additional discovery. (Doc. 15 at 5-6). Plaintiff did not do so. Therefore, his second argument that he did "not have any right to discovery or opportunity to request discovery" is also erroneous. (Doc. 30 at 2).

Finally, even if the court were to allow discovery on Plaintiff's claim against Defendant Hunte – that she was aware of the violence, dangerous conditions, overcrowding, and understaffing

---

[2] Specifically, Plaintiff filed his reply three months late on August 8, 2025, after the court granted his motion for an extension of time, which allowed him until May 5, 2025, to file a reply. (Docs. 27 & 28).

at Limestone and that she failed to have adequate policies, procedures, and practices in place to supervise and monitor housing units and common areas to keep prisoners safe – this claim would still fail on the merits. As the Magistrate Judge correctly pointed out, there is no evidence that Defendant Hunte was a supervisor and had any type of policymaking authority. (Doc. 29 at 13). Plaintiff admits that he "has not alleged that Defendant Hunte was a supervisor 'and had any type of policymaking authority.'" (Doc. 30 at 4). Rather, he argues that Defendant Hunte "had the authority to notify her shift commander about the lack of security in K-Dorm, but she failed do so." (*Id.*). Plaintiff misunderstands the standard for deliberate indifference. Even assuming there were no officers in the K-Dorm at the time of the incident, Plaintiff' argument that Defendant Hunte had the "authority" to notify her supervisor of that fact is irrelevant. Subjective awareness of a substantial risk of harm requires more than proof that a defendant should have appreciated the risk. *See Goodman v. Kimbrough*, 718 F.3d 1325, 1334 (11th Cir. 2013) (holding that if the court accepted this theory, the deliberate indifference standard would be "silently metamorphosed into a font of tort law—a brand of negligence redux—which the Supreme Court has made abundantly clear it is not"). Indeed, "an official's failure to alleviate a significant risk that [s]he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned" as a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). For all the reasons stated above, Plaintiff' objections are **OVERRULED**.

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the court **ADOPTS** the Report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that Defendants' motion for summary judgment is due to be **GRANTED**. A final judgment will be entered.

**DONE** and **ORDERED** this January 23, 2026.

_____
**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE